IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOHAMMADJADVAD KAMKAR, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-1213-FB |
| | § | |
| ROSE THOMPSON, Warden, Karnes County | § | |
| Immigration Processing Center; MIGUEL | § | |
| VERGARA, Field Office Director of | § | |
| Enforcement and Removal Operations, San | § | |
| Antonio Field Office, Immigration and Customs | § | |
| Enforcement; TODD M. LYONS, Acting | § | |
| Director of Immigration and Customs | § | |
| Enforcement; KRISTI NOEM, Secretary, U.S. | § | |
| Department of Homeland Security; UNITED | § | |
| STATES DEPARTMENT OF HOMELAND | § | |
| SECURITY; PAMELA BONDI, U.S. Attorney | § | |
| General; EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW, in Their Official | § | |
| Capacities, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Mohammadjadvad Kamkar's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition") (ECF No. 1); Federal Respondents' ("Respondents") Response to Petition

in opposition thereto (ECF No. 5); and Petitioner's Reply to Response (ECF No. 6).  The relevant facts

are undisputed and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861,

866 (5th Cir. 1989) (citations omitted).  After careful consideration, the Court is of the opinion that the

Petition should be granted and Petitioner should be released from custody under reasonable and

appropriate conditions of release.

### BACKGROUND

Petitioner is currently detained at the Karnes County Immigration Processing Center in Karnes

City, Texas, located in the Western District of Texas.  Petitioner argues that Petitioner's detention is

unlawful and asks the Court to order Petitioner's immediate release.

Petitioner is a citizen of Iran who states he fled Iran in 2025 after facing physical violence, torture, and death threats by government officials on account of his religion and political opinion. Petitioner entered the United States on May 20, 2025, and was immediately detained. He was sentenced to 27 days for misdemeanor illegal entry into the United States under 8 U.S.C. § 1325 and then detained in immigration custody. Petitioner took and passed his Credible Fear Interview, indicating he was eligible for asylum. He then waited for seven months in detention prior to receiving an initial Master Calendar Hearing (MCH) with the Immigration Court. Although he has been detained since May of 2025, the Department of Homeland Security ("DHS") never issued a Notice to Appear ("NTA") until November 5, 2025. This NTA provided a first Master Calendar Hearing ("MCH") on December 2, 2025. Petitioner asserts he waited nearly six months in detention for any NTA (the equivalent of a warrant in criminal proceedings) and seven months in detention before he ever had a hearing with a judge.

On January 28, 2026, Petitioner presented his case *pro se* before the Immigration Court, and the Immigration Judge denied his asylum case finding Petitioner did not face persecution despite Petitioner asserting that armed government officials detained him, handcuffed him to a bed, stripped off his clothing, beat him repeatedly using their boots, hands, and a long plastic object, stepped on his head, starved him, and threatened to kill him. The Immigration Judge further found Petitioner did not face a well founded fear of persecution, despite the fact these officials have looked for him since he left, and despite the U.S. State Department's Report that conversion from Islam is punishable with execution. Through pro bono counsel, Petitioner filed an appeal of that decision and that appeal remains pending. Petitioner explains he has been detained nearly nine months,[1] exceeding what courts agree to be a

_____

[1] Based on the foregoing information, it appears Petitioner now has been detained over 12 months.

"reasonable" period of detention pending removal proceedings. Petitioner claims his prolonged detention is no fault of his own, but rather the delay of DHS in filing his NTA with the Immigration Court. Petitioner asserts his removal is also not foreseeable, for he has a clear asylum claim and deportations to Iran are nearly impossible while the country is in such crisis. Petitioner states his only criminal history is his penalty for entering the U.S. without documentation, a penalty all individuals who Enter Without Inspection ("EWI") can receive.

**DISCUSSION**

As alleged, Petitioner's case is materially indistinguishable from several others in which courts in this District have found a procedural due process violation, and therefore the Court finds that Respondents have violated Petitioner's right to due process under the Fifth Amendment. *See e.g.*, *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem,* Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953, at \*1 (W.D. Tex. Feb. 9, 2026); Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at \*3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.* "In recent months, courts

across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at \*5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi,* 818 F. Supp. 3d 875, 885 (S.D. Tex. 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at \*13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

The Court joins other Texas Western district courts, including those in the San Antonio Division, finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release. *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at \*5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at \*14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v. Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at \*7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F. Supp. 3d at 885.

As discussed and explained in the prior cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Mohammadjadvad Kamkar from custody, under reasonable conditions of supervision, to a public place no later than **Friday, June 26, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **Tuesday, June 30, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 24th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE